UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE FINANCE CORPORATION, </br>     Plaintiff, </br></br> vs. </br></br> PERRY'S AUTO WORLD II, INC., </br> PERRY'S AUTO WORLD III, INC., d/b/a </br> CARS IV, RONALD A PERRY and </br> ROBERT A PERRY, </br>     Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | 1:04:CV-1031-SEB-VSS |

### ORDER GRANTING DISMISSAL OF CAUSE OR TRANSFER
### TO MARION SUPERIOR COURT

Personal jurisdiction and venue in this dispute are addressed in three identical forum selection clauses set out in three separate contracts between the parties which agreements have given rise to this litigation. In those contracts, Defendants submitted to the personal jurisdiction of the courts of the State of Indiana and venue in the Circuit and Superior Courts of Marion County, Indiana. An additional venue provision provided that Plaintiff herein "may bring suit against (defendant) under or related to this guaranty in any court of competent jurisdiction." Because this action has been brought in federal court, as opposed to a court of the State of Indiana with venue in the Circuit or Superior Court of Marion County, Defendants seek to have the cause dismissed.

The law is with Defendants and therefore their motion shall be granted. Plaintiff does not assert any actionable basis for not enforcing the forum selection and venue provisions according to their literal and plain meaning or for any grounds for declaring them to be invalid or unreasonable. Plaintiff's contention that, because this federal district court sits in Indiana, it is thus a court of the state of Indiana is entirely without merit. At best, under such an analysis, this federal district court would be a court in the State of Indiana, not of the State of Indiana. When the forum selection provision is linked to the venue provision, as they must be in attempting to interpret the parties' agreements, the error underlying Plaintiff's argument becomes even more apparent, because those phrases explain that "the courts of the State of Indiana" means specifically the courts located at the venue situs, namely, "in the circuit and superior courts of Marion County, Indiana." These requirements simply cannot be squared with an assertion of personal

jurisdiction and venue in the federal district court.

Finally, in permitting venue generally to repose in "any court of competent jurisdiction," that provision need not, and in our opinion should not trump or preempt the forum selection clause or the more specific venue provision. When all these portions of the agreements are read together and construed in light of one another, the clear import is that the Defendants' consented to jurisdiction in any Indiana state court located in Marion County that would, by state statute or rule, be a court of competent jurisdiction, that is, where jurisdiction was placed in light of the nature and amount of any particular dispute. The federal district court simply is not in conformity with the terms of the parties' agreements.

We addressed a nearly identical case previously, in Automotive Finance Corp. v. Farmer, 2002 WL 1633697 (SD/IN, 2002), and find no reason to alter the analysis of the issues discussed there in resolving the case at bar.

Accordingly, the Motion to Dismiss is **GRANTED**[1].  This order shall be without prejudice for thirty (30) days, which time period shall afford Plaintiff an opportunity to TRANSFER and/or REFILE this cause in the Marion Superior Court.  Failure to reassert this cause in state court within the specified time limit shall result in this dismissal being with prejudice.

IT IS SO ORDERED.

Date:  04/27/2005

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1]  Defendant's motion to dismiss Count VII of the Complaint for failure to state a claim upon which relief can be granted is left for the state court judge to address and resolve.

Copy to:

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

F. Bradford Johnson
ITTENBACH JOHNSON TRETTIN & KOELLER
fbjohnson@ijtklaw.com